FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 15 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
UNITED STATES OF AMERICA
           Plaintiff,

    -against-

JOSEPH A. HUSBANDS, a.k.a. JOSEPH ALLEN HUSBANDS,

           Defendant.

---------------------------------------------------------------- X

NO. 11-CV-475 (ARR) (RLM)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

Plaintiff, United States of America, brings this action against defendant, Joseph A. Husbands, to collect money owed on a defaulted loan secured by defendant under the loan guarantee program authorized under Title IV-B of the Higher Education Act of 1965 ("HEA"), amended as 20 U.S. §§ 1071 et seq. Now before the court is plaintiff's motion for summary judgment. For the reasons set forth below, the motion is granted.

## BACKGROUND

The following facts are undisputed. On or about May 14, 1987, defendant executed a promissory note to secure a loan from Chase Manhattan Bank, N.A., New York, NY in the amount of $2,625 at eight percent (8%) annual interest. These loans were guaranteed by the Higher Education Assistance Foundation and then reinsured by the U.S. Department of Education ("DOE"). Defendant secured this loan for vocational training at the Albert Merrill School. According to defendant, however, the Albert Merrill School failed to give him a "proper education in computers tech" to secure employment in the field, but gave him "a certificate for most improved student . . . [s]omething I know I did not earn," and a "certificate [with] someone

1

else['s] name on it."

On or about November 7, 1988, the DOE demanded payment from the defendant, who defaulted on his obligation. The Higher Education Assistance Foundation, the guaranty agency, made payment on the claim in the amount of $2,871.69, and was reimbursed for that claim payment by the DOE under the reinsurance agreement. The DOE credited a total of $605, including Treasury Department offsets in payments, which was applied to defendants' remaining balance. As of November 5, 2010, the Certificate of Indebtedness provided by the government indicates that plaintiff owed $2871.69 in principal and $4284.68 in interest, with interest accruing at a rate of 63 cents per diem. On January 1, 2011, plaintiff filed the instant action seeking to recover the defendant's debt and accrued interest. Plaintiff now moves for summary judgment.

## DISCUSSION

A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The function of the court is not to resolve disputed issues, but to determine whether there is a genuine issue to be tried. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "While genuineness runs to whether disputed factual issues can reasonably be resolved in favor of either party, materiality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (internal quotation marks and ellipses omitted)).

In assessing whether summary judgment is appropriate, the court considers "the pleadings, depositions, answers to interrogatories and admissions on file, together with any other firsthand information including but not limited to affidavits." Nnebe v. Daus, 644 F.3d 147, 156 (2d Cir. 2011) (quoting In re Bennett Funding Grp., Inc., 336 F.3d 94, 99 (2d Cir. 2003) (internal quotation marks omitted)); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party carries the burden of proving that there is no genuine dispute respecting any material fact and "may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case." Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994). Once this burden is met, in order to avoid the entry of summary judgment against it, the non-moving party "must come forward with specific facts showing that there is a genuine issue for trial." LaBounty v. Coughlin, 137 F.3d 68, 73 (2d Cir. 1998). In reviewing the record before it, "the court is required resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997) (citing Anderson, 477 U.S. at 255).

Defendant does not dispute that he executed the promissory note in 1987 or that he failed to repay the principal owed. Rather, defendant contends that his loan should be discharged (1) because the Albert Merrill School failed to provide him adequate training, and (2) because plaintiff has waited more than twenty years to file this action and should be barred from recovery, or, in the alternative, that plaintiff should not be permitted to recover the accrued interest. In light of defendant's *pro se* status, the court liberally construes his papers as stating that he should be absolved from his payment obligations because the school failed to provide the educational services it promised and for which he had secured the loans or, in the alternative, that plaintiff's claim—for the interest accrued, if not the principle—is barred by the applicable statute

3

of limitations or the equitable defense of laches. Unfortunately for defendant, neither argument offers any avenue for relief.

### B. Failure to Provide Adequate Educational Services

It can be gleaned from defendant's answer and his response to plaintiff's summary judgment motion that he was unsatisfied with the quality of his technical education from the Albert Merrill School. Defendant's argument effectively constitutes a defense to his loan obligation based on lack of consideration or breach of contract by the Albert Merrill School. Such defenses, however, cannot be raised against the government, since the lender provided the funds in exchange for the promissory note; the fact that the school failed to fulfill its promise to him is unrelated to the contractual obligation owed the lender and, by extension, the government as insurer and current holder of the loan. In any event, the subjective value of the education provided, and defendant's alleged lack of benefit from the courses he took, does not constitute a defense to repayment. United v. Estrada, No. 04-5008, 2006 WL 3050886, at *1 (E.D.N.Y. Oct. 20, 2006).

### C. Statute of Limitations

While the court notes, and shares defendant's concern, that the government has brought this collection action more than twenty-three years after defendant defaulted on his student loan, the law provides no basis for relief. While inconvenient, this delay does not affect the borrower's obligation to make a full payment. Rather, pursuant to the Higher Education Technical Amendments of 1991, which apply retroactively to loans existing in 1991, Congress eliminated the statute of limitations as to federally insured loans. 20 U.S.C. §1091a(a)(2)(D) ("Notwithstanding any other provision of statute, regulation or administrative limitation, no limitation shall terminate the period with suit may be file . . . or other action initiated or taken by

... the Secretary, [or] the Attorney General . . for repayment of the amount due from a borrower on a loan made under this title that has been assigned to the Secretary under this title."); See United States v. Whitaker, No. 09–CV–2983 (NGG)(ALC), 2011 WL 5856482, at *1 n.4 (E.D.N.Y. Nov. 21, 2011) ("Pursuant to . . . 20 U.S.C. § 1091, which applies retroactively, actions to recover on defaulted student loans are not subject to statutes of limitations"); United States v. Holmes, No. 3:01–CV–0935 NPM/GLS, 2002 WL 570889, at *1 n.2 (N.D.N.Y. Apr. 10, 2002).

Nor can defendant prevail based of the equitable defense of laches. United States v. Litts, No. 3:99CV120 JCH, 2000 WL 435484, at *3 (D.Conn. Feb. 23, 2000) ("The overwhelming majority of courts have rejected the claim [of laches] as a defense to federally financed student loans.); see also United States v. Lawrence, 276 F.3d 193, 196 (5th Cir. 2001) (joining other circuits that have addressed the issue and holding that the 1991 amendments to the Higher Education Act "also extend[] to eliminate the equitable defense of laches").

Because defendant can provide no cognizable defense to excuse his failure to pay his student debt, and defendant has provided no information to dispute the government's accounting of payments and the amounts due, there are no genuine issues of fact to resolve. Accordingly, summary judgment for plaintiff is appropriate.

D. Damages

Under 20 U.S.C. § 1080(a), the "amount of loss" that the United States can recover on a defaulted loan is "an amount equal to the unpaid balance of the principal amount" as well as accrued interest and reasonable costs. Plaintiff is not seeking attorney's fees.

According to the certificate of indebtedness included with the motion for summary judgment, which defendant does not dispute, defendant owed the plaintiff $ 2871.69 in principal,

$ 4,458.88 in interest accrued as of August 9, 2011, and $385.00 in administrative costs associated with the filing of this lawsuit. Defendant also owes plaintiff interest accrued from the August 9, 2011 up until the date judgment is entered, at a rate of 63 cents per day. Plaintiff is also entitled to post-judgment interest under 28 U.S.C. § 1961.

## Conclusion

For the reasons set forth above, plaintiff is awarded $7,715.57 in damages, comprised of $ 2871.69 in unpaid principal, $ 4,458.88 in interest accrued as of August 9, 2011, and $385.00 in costs. Plaintiff is also awarded interest, at a rate of 63 cents per day, from August 9, 2011, until the day judgment is entered, to be calculated by the Clerk of the Court. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

/S/
Allyne R. Ross
United States District Judge

Dated: May 15, 2012
Brooklyn, New York

SERVICE LIST:

**Plaintiff:**

**Joseph A. Husbands**
187-05 Linden Blvd., 2nd Floor
St. Albans, NY 11412